# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS (Eastern Division)

| | | |
|---|---|---|
| **Comcast of Southern New England, Inc.** ("Comcast") | ) | Case No.: **03-12265-GAO** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION IN LIMINE** |
| vs. | ) | |
| | ) | |
| **Erica Coleman** | ) | |
| | ) | |
| Defendant | ) | |

The Plaintiff, by its attorney, hereby moves *in limine* for specific evidentiary and related findings, as set forth below. Specifically, the Plaintiff contends that:

1. The Plaintiff made certain specific requests for admissions to the Defendant and that these hard copy requests were served upon her on or about November 22, 2004; a copy of said Request for Admissions are attached hereto, incorporated here with and marked exhibit A;

2. The requests for Admissions made by the Plaintiff specifically contained the following warnings/statements:

    "Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

    and

---

### Certification pursuant to LR D. Mass 7.1 (A) (2)

Plaintiff's counsel certifies that he has attempted to contact the Defendant through both written correspondence and telephonically before this motion. The Defendant has not responded to Plaintiff's Counsel.

"Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

3.      The Defendant has made no response and/or objections whatsoever to the Requests for Admissions;

4.   FedEx tracking records show that the priority envelope sent to the Defendant was delivered on November 23, 2004 at 10:28 a.m.; a copy attached and marked exhibit B;

5.   In addition, on December 28, 2004, pursuant to Local Rule 37.1 (A), Plaintiff's Counsel sent the Defendant a letter via overnight mailing stating that she must contact Plaintiff's Counsel;

6.   This letter was returned undeliverable by FedEx and Plaintiff's Counsel attempted to contact the Defendant by telephone, with no response; and

7.   Subsequently this letter was resent to the Defendant again via first-class prepaid postage mailing to the Defendant at her New Bedford address on January 7, 2005.

Therefore, in accordance with Rule 36(a) of the Federal Rules of Civil Procedure the Defendant has now made judicial admissions as to the requests for which there were no responses and/or objections within 30 days of the submission thereof. Specifically the facts now deemed admitted are:

a.   The Defendant is the same person as "Erica Coleman" named in this lawsuit.

b.   The Defendant is a resident of New Bedford, Massachusetts.

c.   The Defendant received and/or assisted others in receiving Comcast's encoding and scrambling technology transmissions of cable television programming without authorization from or payment to Comcast.

d.   The Defendant knew or should have known that receiving and/or assisting others in receiving Comcast's encoding and scrambling technology transmissions of cable television programming without authorization from or payment to Comcast. was illegal and prohibited.

e.   On or before December 28, 2000, the Defendant or some third party modified certain decoder, without Comcast's authorization, thereby creating a descrambling device.

f.   The Defendant used the descrambling device to receive, without authorization, scrambled or encoded programming and services offered over Comcast's system.

g.   By using the unauthorized and illegal descrambling device, the Defendant was able to view Comcast's highest level of cable television programming and service, including premium channels and pay-per-view events, while only paying for a lower level of service.

h.   The Defendant exercised dominion and control over the Plaintiff's property, and its cable television signals, without authorization or legal right to do so.

In for the support of this motion please see the attached affidavit of John M. McLaughlin and memorandum support of this motion.

Respectfully Submitted for the Plaintiff,
Comcast of Southern New England, Inc.
By Its Attorney,

John M. McLaughlin
**Green, Miles, Lipton & Fitz-Gibbon**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865
BBO No. 556328

Date

**EXHIBIT**

*A*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS (Eastern Division)

| | |
|---|---|
| Comcast of Southern New England, Inc. ("Comcast")<br><br>      Plaintiff,<br><br>vs.<br><br>**Erica Coleman**<br><br>      Defendant | ) Case No.: 03-12265-GAO<br>)<br>)<br>)   **PLAINTIFF'S FIRST REQUEST**<br>)      **FOR ADMISSIONS TO**<br>)         **DEFENDANT**<br>)<br>)<br>)<br>)<br>)<br>) |

**TO:** **DEFENDANT,** Erica Coleman

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Comcast of Southern New England, Inc. (hereinafter "Comcast"), hereby requests that you answer the following Request for Admissions.

## INSTRUCTIONS

1.      Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service. Pursuant to Federal Rules of Civil Procedure 36, you are being served with the original of the Request for Admissions. Please type your answers on the original in the space provided following each Request for Admission, or use additional pages, if necessary.

2.      Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action. Please further note the following provision of Federal Rule of Civil Procedure 36(a):

The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

## DEFINITIONS

As used herein:

1.    The word "person" means any individual, firm, partnership, corporation, association, government agency or any other government-controlled business entity. All references to persons or entities also include all persons and/or entities acting on their behalf.

2.    The terms "and" and "or" whenever used herein shall be understood in both the conjunctive and disjunctive sense, synonymous with "and/or."

3.    The words "you" and "yours" as used herein refer to the party these discovery requests are served upon, and his or her employees, agents, officers, attorneys

and all other representatives in their capacities as such. It is specifically intended that the definition of "you" and "yours" includes defendant's business names.

4.    The name "Erica Coleman" as used herein refers to the party upon whom these discovery requests are served, and his or her employees, agents, officers, attorneys, and all other representatives in their capacities as such.

5.    The name "Comcast" as used herein refers to Plaintiff, Comcast of Southern New England, Inc.

## REQUEST FOR ADMISSIONS

1.    Admit that you are the same person as "Erica Coleman" named in this lawsuit.

2.    Admit that you are a resident of New Bedford, Massachusetts.

3.    Admit that on or before December 28, 2000 you resided at, 812 Belleville Avenue, New Bedford, MA, where Comcast's signals, including its premium and pay-per-view encrypted signals, were being delivered into the dwelling, in and encrypted form, pursuant to an account you maintained with Comcast.

4.    Admit that on or before December 28, 2000 you were in possession of that certain device bearing the serial number JE53ABNQD.

5.    Admit that on or before December 28, 2000 you were in possession of an illegal descrambling device, the modified decoder bearing the serial number JE53ABNQD.

6.    Admit that on or about December 28, 2000, you or a person with your permission delivered a certain converter/decoder bearing the serial number JE53ABNQD that had been in your dwelling, to Comcast.

7.    Admit that the attached document A is a good copy of the receipt document evidencing your delivery of the above-mentioned converter/decoder on December 28, 2000 and that the signature on said document is your signature.

8.    Admit that on or before December 28, 2000, you or your agent modified a certain decoder bearing the serial number JE53ABNQD thereby creating an illegal descrambling device.

9.    Admit that you used the illegal descrambling device created by modifying the decoder bearing the serial number JE53ABNQD to facilitate the unauthorized interception of Comcast's encrypted signals.

10. Admit that on or before December 28, 2000, you or your agent modified a certain decoder bearing the serial number JE53ABNQD thereby creating an illegal descrambling device.

11. Admit that you used the illegal descrambling device created by modifying the decoder bearing the serial number JE53ABNQD to facilitate the unauthorized interception of Comcast's encrypted signals.

12. Admit that you received portions of Comcast's signals, its encrypted television programming, without authorization from or payment to Comcast.

13. Admit that you knew or should have known that receiving Comcast's signals, its television programming, without authorization or payment to Comcast was illegal and prohibited.

14. Admit that while you may not have actually participated in the modification the decoder bearing the serial number JE53ABNQD into the illegal descrambling device, you, nonetheless, utilized the descrambling

device to facilitate the unauthorized interception of Comcast's encrypted signals.

15.  Admit:

   a.  That while you may not have actually participated in the modification of the decoder bearing the serial number JE53ABNQD into the illegal descrambling device; and

   b.  That while you may not have actually utilized the device to view unauthorized television signals to;

   you, nonetheless, assisted others in the unauthorized interception of Comcast's signals in that you knew that third parties had illegally modified the decoder and/or intercepted Comcast's encrypted signals that were being delivered to you through your account with Comcast.

16.  Admit that the modifications made to that certain decoder bearing the serial number JE53ABNQD were made with the intent to use the modified device for the unauthorized reception of any communications service offered over a Comcast's cable system.

17.  Admit that the modifications made to that certain decoder bearing the serial number JE53ABNQD created a descrambling device which you knew or should have known was primarily designed for the purpose of the

unauthorized interception of cable television signals including Comcast's encrypted signal.

18.     Admit that on or before December 28, 2000 you were in possession of the modified decoder bearing the serial number JE53ABNQD while being aware the device had the capabilities of being utilized for the unauthorized interception of Comcast's signals.

REQUEST FOR ADMISSIONS dated this ___ day of November, 2004.

John M. McLaughlin (BBO: 556328)
Green, Miles, Lipton & Fitz-Gibbon
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865
Attorney for Plaintiff,
Comcast of Southern New England, Inc.

SWORN TO and subscribed before me this _____ day of _____, 2004,

by Erica Coleman, who is personally known to me, or who has provided

_____ as identification.


_____
Notary Public

_____
Print Name

_____
My Commission Expires

Track Shipments
## Detailed Results

 Quick Help



| | | | |
|---|---|---|---|
| **Tracking number** | 848960131373 | **Reference** | COLEMAN/MALIT32 |
| **Signed for by** | Signature release on file | | 4COMCAGI- |
| **Ship date** | Nov 22, 2004 | | |
| **Delivery date** | Nov 23, 2004 10:28 AM | **Delivered to** | Residence |
| | | **Service type** | Priority Envelope |
| **Status** | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Nov 23, 2004 | 10:28 AM | **Delivered** | | Left at side door No signature required - release waiver on file |
| | 9:24 AM | Departed FedEx location | NEWARK, NJ | |
| | 8:49 AM | On FedEx vehicle for delivery | RAYNHAM, MA | |
| | 8:03 AM | At dest sort facility | EAST BOSTON, MA | |
| | 7:45 AM | At local FedEx facility | RAYNHAM, MA | |
| | 5:19 AM | At dest sort facility | EAST BOSTON, MA | |
| | 1:32 AM | Arrived at FedEx location | NEWARK, NJ | |
| Nov 22, 2004 | 10:10 PM | Package data transmitted to FedEx | | |
| | 7:36 PM | Left origin | HATFIELD, MA | |
| | 4:54 PM | Picked up | HATFIELD, MA | |

[ Signature proof ]   [ Track more shipments ]

### Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your message (optional), and click **Send email**.

From

To

Add a message to this email.

[ Send email ]

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, Attorney for the Plaintiff, hereby certify that on the 13th day of January 2005, a copy of the foregoing Motion in Limine, Supporting Affidavit and Memorandum were sent via first class mail to:

Ms. Erica Coleman
812 Belleville Avenue
New Bedford, MA  02745

John M. McLaughlin, Esq.