Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
DIRECTV, INC., Plaintiff,
v.
Brendan GETCHEL, Defendant.
No. 3:03 CV 2073(GLG).
May 26, 2004.

Wayne D. Lonstein, Lonstein Law Office, Ellenville, NY, for Plaintiff.

*MEMORANDUM DECISION*

GOETTEL, J.
*\*1* On March 25, 2004, this Court granted Plaintiff's Motion for Default Judgment against Defendant, Brendan Getchel, who was alleged to have utilized a "pirate" cable television decoding device at his home to intercept DIRECTV's programming services without authority and without payment to DIRECTV. DIRECTV alleged that Getchel purchased this device and related equipment on April 6, 2001, from a Canadian company by using interstate or foreign wire facilities. It further alleged that Getchel's conduct has deprived it of subscription and pay-for-view revenues, has compromised its security and accounting systems, and infringed its trade secrets and proprietary information, and has interfered with its contractual and prospective business relations.

DIRECTV sets forth three substantive claims in its complaint: (1) Getchel's unauthorized reception of satellite signals in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605(a); (2) his unauthorized interception of electronic communications in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1)(a) and/or § 2511(1)(b); and (3) his possession of a pirate access device in violation of 18 U.S.C. § 2512(1)(b). The Motion for Default Judgment, however, seeks damages only on the Communications Act claim. [FN1] (Pl.'s Mot. and Affirmation in Support of Default at ¶ 11; Pl.'s Mem. in Support of Default Judgment at 5; Pl.'s Mem. of Law in Support of Request for Damages at 5. [FN2])

FN1. We note that in two cases factually similar to the instant case, the courts declined to award damages under 18 U.S.C. § 2520(c)(2) (providing for actual damages or statutory damages of $100 a day for each day of violation or $10,000, whichever is greater) where there was
no evidence as to how many days the defendant used the pirate access device or that the defendant had profited significantly from his violations or induced others to engage in similar conduct. *See* DIRECTV, Inc. v. Kaas, 294 F.Supp.2d 1044, 1048-49 (N.D.Iowa 2003); DIRECTV, Inc. v. Perrier, No. 03-CV-400S, 2004 WL 941641, at *4 (S.D.N.Y. Mar. 15, 2004); *but see* DIRECTV, Inc. v. Braun, No. 3:03CV937, 2004 WL 288805, at *1 (D.Conn. Feb.9, 2004) (awarding $10,000 in damages under § 2520(c)(2)(B), although, in that case, there were no damages claimed under 47 U.S.C. § 605(e)(3)(C)(i), as in the instant case). In *Kaas* and *Perrier,* however, the courts awarded damages under 47 U.S.C. § 605(e)(3)(C)(i). In the instant case, there is no evidence concerning Getchel's actual use of the pirated device or that he profited from it, except avoiding subscription charges with DIRECTV. Therefore, we only award damages under 47 U.S.C. § 605(e)(3)(C)(i).

FN2. At the request of the Court, DIRECTV submitted a memorandum on damages, which was served on Getchel. No response has been filed by Getchel.

*Discussion*

Because a default has been entered, the allegations of the complaint that establish Getchel's liability are accepted as true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992), *cert. denied,* 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993); Fed.R.Civ.P. 8(d). Damages, however, must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation," *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974), which these are not. A hearing on damages is not required as long as the Court ensures that there is a basis for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.1997); *see generally Cablevision of Southern Conn., Ltd. P'ship v. Smith,* 141 F.Supp.2d 277, 281- 82 (D.Conn.2001).

Based on the allegations of the complaint, which are deemed admitted, the Court finds that Getchel has violated the Communications Act, 47 U.S.C. § 605(a), [FN3] by virtue of his receipt of DIRECTV's satellite transmissions of television programming without authorization. *See International Cablevision, Inc. v. Sykes,* 75 F.3d 123, 133 (2d Cir.), *cert. denied,* 519 U.S. 929, 117 S.Ct. 298, 136 L.Ed.2d 217 (1996) (holding that an individual's use of a "pirate" cable television descrambling device to intercept without authorization programming services transmitted via satellite constituted a violation of § 605(a)). The Court may reasonably conclude that Getchel purchased the device in order to pirate DIRECTV's transmissions. There is no legitimate purpose for the unlooper device purchased by Getchel. (Aff. of Stanley F. McGinnis at ¶ 17.) *See also Time Warner Cable of New York City v. Barbosa,* No. 98 CIV. 3522, 2001 WL 180366, at *3 (S.D.N.Y. Jan.2, 2001) (finding that there is "no legitimate function or purpose … for a converter-decoder…. Such a device is only capable of enabling its user to receive unauthorized television programming without having to make payment to a cable operator"). The unlooper device, working in conjunction with the satellite dish, satellite receiver, and other equipment that Getchel had in his possession, made it possible for Getchel to intercept and receive DIRECTV's signals without authorization. *See DIRECTV, Inc. v. Karpinsky,* 274 F.Supp.2d 918 (E.D.Mich.2003). Thus, the Court finds that Getchel has violated § 605(a).

FN3. Subsection (a) of 47 U.S.C. § 605 provides in part that "[n]o person not being entitled thereto shall receive … any interstate or foreign communication by radio and use such communication … for his own benefit…."

*\*2* This leaves the issue of damages. DIRECTV has sought statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i) as well as injunctive relief, prejudgment interest, and litigation costs. Under 47 U.S.C. § 605(e)(3)(C)(i), damages are to be computed, "at the election of the aggrieved party," in accordance with any of the following:
(I) actual damages suffered by the aggrieved party as a result of the violation and any profits of the violator; or
(II) statutory damages for each violation of subsection (a) in a sum of not less than $1,000 or more than $10,000, as the court considers just, and, for each violation of paragraph (4) [FN4] of this subsection, statutory damages in a sum of not less than $10,000, or more than $100,000, as the court considers just.

FN4. Paragraph (4) of 47 U.S.C. § 605(e) provides criminal penalties for "[a]ny person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services." It further provides that "the prohibited activity established herein as it applies to each such device shall be deemed a separate violation." *Id.*

DIRECTV has elected to seek statutory damages, as opposed to actual damages, and asks the Court to award $10,000 for Getchel's violation of subsection (a) and $100,000 for Getchel's violation of paragraph (4).

The award of damages under § 605(e)(3)(C)(i) is committed to the Court's sound discretion. *Cablevision of Southern Connecticut,* 141 F.Supp.2d at 286. Courts have used a variety of methods to calculate damages under § 605, including (1) assessing the maximum statutory rate; (2) estimating the amount of services the defendant pirated and applying a multiplier to that figure; (3) adopting the plaintiff's estimate of the amount of services pirated; and (4) where there has been no evidence of the plaintiff's actual usage or commercial advantage, applying the statutory minimum for each pirated device. *See CSC Holdings, Inc. v. Ruccolo,* 01 Civ. 5162, 2001 WL 1658237, at *2 (S.D.N.Y. Dec.21, 2001) (collecting cases); *DIRECTV, Inc. v. Kaas,* 294 F.Supp.2d at 1048 (awarding damages of $1,000 under § 605(e)(3)(C)(i) where the complaint alleged that the defendant had purchased a single pirate access device); *DIRECTV, Inc. v. Hamilton,* 215 F.R.D. 460, 462 (S.D.N.Y.2003) (awarding damages of $2,000 under § 605(e)(3)(C)(i) where one defendant had purchased two pirate access devices and declining to award the maximum statutory damages where the plaintiff had failed to proffer any justification for such an award); *DIRECTV, Inc. v. Perrier,* No. 03-CV-400S, 2004 WL 941641, at *3 (W.D.N.Y. Mar.15, 2004) (awarding $2,000 in damages under § 605(e)(3)(C)(i) where the complaint alleged that the defendant had purchased two pirate access devices). "**In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed.**" *Cable/Home Communications Corp. v. Network Productions, Inc.,* 902 F.2d 829, 852 (11th Cir.1990).

DIRECTV has alleged and produced evidence that Getchel purchased one pirate access device for use at his home in connection with the satellite equipment he already possessed. There is no claim that he used this commercially or that he purchased the device for resale. Although DIRECTV seeks the maximum statutory penalty of $10,000 per violation, the Court declines to award the maximum amount in light of the fact that there is no evidence concerning Getchel's commercial use of the device or the amount of his actual usage of the device. Following the lead of several courts cited above, the Court awards $1,000 for Getchel's violation of § 605(a) by virtue of his purchase and usage of the device.

***3** Additionally, in light of the fact that Getchel has owned this device since March of 2001 and has been able to avoid paying subscription fees to DIRECTV for a period of 38 months, an award of $1,000 would have no deterrent effect, since this is substantially less than what Getchel would have paid for the satellite programming had he received it in an authorized manner. DIRECTV has produced evidence that during the time Getchel actually subscribed to DIRECTV, the cost of his monthly subscription service was approximately $100, although this does not include pay-per-view programming, which was additional. Thus, the Court in its discretion awards additional damages of $3,800, for a total damage award of $4,800. *See Time Warner Cable of New York v. Barbosa,* 2001 WL 118608, at * 5 (holding that the statutory goals are served by taking into account the duration of the violation and awarding damages based on the plaintiff's lost revenues during this time period times a multiplier).

DIRECTV also seeks an award of damages of $100,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) for Getchel's violation of subparagraph (4) of that section. *See* Note 4, *supra.* We have two problems with this request. First, DIRECTV did not allege a violation of subparagraph (4) in Count One of its complaint. The only mention of subparagraph (4) is in the prayer for relief. While it could be argued that Getchel's alleged purchasing of the device from a Canadian company constituted "importing" the device under subparagraph (4), it is not clear that Getchel was actually involved in the importing of the device. Plaintiff has produced an invoice for an "MK2 UNLOOPER-SU2," showing the client as Canadian Security and Technology and the contact as Getchel in Waterbury, Connecticut. There is no address for Canadian Security and the attached documentation shows the "Chain/Dealer" as Circuit City Superstore. Thus, it is not clear

whether Getchel purchased this device locally or whether he imported it from Canada. There is no other alleged conduct by Getchel that is encompassed by subparagraph (4). Subparagraph (4) is addressed to persons who "manufacture, assemble, modify, import, export, sell, or distribute" an electronic device knowing or having reason to know that the device is used for the unauthorized decryption of satellite cable programming. It imposes criminal penalties for such conduct, as well as civil penalties, which are ten times the civil penalties for a violation of subsection (a). *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). At least one court has held that a "reasonable reading of this provision demonstrates that § 605(e)(4) targets upstream manufacturers and distributors, not the ultimate consumer of pirating devices, such as Defendant." *DIRECTV, Inc. v. Albright,* No. Civ. A. 03-4603, 2003 WL 22956416, at *2 (E.D.Pa. Dec.9, 2003). Accordingly, we decline to award damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) for a violation of subparagraph (4).

*\*4* DIRECTV has also asked for prejudgment interest, but as the court held in *DIRECTV, Inc. v. Albright,* 2003 WL 22956416, at *4, there is no statutory basis in § 605 for such an award.

The Court further finds that DIRECTV is entitled to a permanent injunction enjoining and restraining Getchel from importing, receiving, possessing, or using a pirate access device, and hereby directs Getchel to surrender all pirate access devices in his possession to DIRECTV. 47 U.S.C. § 605(e)(3)(B)(i) (authorizing the Court to grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain violations of subsection (a)); *see DIRECTV, Inc. v. Kaas,* 294 F.Supp.2d at 1049.

Last, DIRECTV seeks an award of litigation costs in the amount of $150.00 for filing fees and $90.00 for service of process fees, for a total of $240.00. These costs have been documented and are reasonable. 47 U.S.C. § 605(e)(3)(B)(iii) (allowing the recovery of full costs to an aggrieved party who prevails); *Community Television Systems, Inc. v. Caruso,* 284 F.3d 430, 434 n. 5 (2d Cir.2004) (holding that § 605 requires the court to award reasonable attorney's fees); *see Cablevision of Southern Connecticut,* 141 F.Supp.2d at 288 (awarding fees); *DIRECTV, Inc. v. Perrier,* 2004 WL 941641, at *4 (awarding fees). DIRECTV has provided no other evidence or documentation supporting its request for attorney's fees.

*Conclusion*

Accordingly, the Court awards damages of $4,800.00, and litigation costs of $240.00 in favor of Plaintiff, DIRECTV, Inc., and against Defendant, Brendan Getchel. The Court further permanently enjoins and restrains Defendant Getchel from importing, receiving, possessing, or using a pirate access device, and further directs Defendant Getchel to surrender to Plaintiff DIRECTV all pirate access devices in his possession.

The Clerk shall enter Judgment in accordance with this decision.

SO ORDERED.

D.Conn.,2004.
DIRECTV, Inc. v. Getchel
2004 WL 1202717 (D.Conn.)

Motions, Pleadings and Filings (Back to top)

• 3:03CV02073 (Docket) (Dec. 02, 2003)
END OF DOCUMENT

Copr. (C) 2004 West. No Claim to Orig. U.S. Govt. Works.